UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILA C. RIPSON,<br><br>            Plaintiff,<br><br>    v.<br><br>PARASTOO FARHADY and UNITED STATES OF AMERICA,<br><br>            Defendants. | **13-cv-572 AWI GSA**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**<br><br>**(Doc. 11)** |

**INTRODUCTION**

On July 31, 2013, Plaintiff, Ila Ripson ("Plaintiff") filed a Motion for Leave to File a First Amended Complaint (Hereinafter, "FAC").  Defendant United States of America filed a Non-Opposition to the Motion.  (Doc. 12).  The Court has reviewed the papers and determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230 (g).  The hearing set for August 30, 2013, at 9:30 a.m. was VACATED.  Upon a review of the pleadings, Plaintiff's motion is GRANTED IN PART.

**BACKGROUND**

Plaintiff filed this case on April 2, 2013, in the Fresno County Superior Court against Dr. Parastoo Farhady and Does 1 through 50 alleging professional negligence by health care

providers stemming from surgeries performed in January 2011. (Doc. 1, pgs. 3-8). More specifically, the complaint alleges that Dr. Farhady and other defendant health care providers negligently performed a laparoscopic-assisted vaginal hysterectomy on January 5, 2013, which resulted in an injury to Plaintiff's bladder. It is further alleged that there was a failure to timely discover and treat the bladder injury. During a subsequent surgery performed on January 13, 2011 to repair the injured bladder, a JP drain with a metal trocar was allegedly negligently placed causing three small bowel injuries. Plaintiff contends these bowel injuries necessitated a bowel resection that required an additional twenty-seven days in the hospital, and resulted in pain and suffering. Plaintiff seeks special, economic and non-economic damages, prejudgment interests, and costs.

The United States removed this action pursuant to the Federally Supported Health Centers Assistance Act on April 19, 2013 because Dr. Farhady is an employee of the Public Health Service, and she was acting within the scope of her employment at the time of the alleged incident. (Doc. 1). Through this motion, Plaintiff seeks to amend the pleading pursuant to Federal Rule Civil Procedure 15 (a) to substitute Robert S. Julian M.D., the true name of Doe Defendant 1 because it was recently discovered that Dr. Julian allegedly performed the bladder surgery resulting in Plaintiff's bowel injury. Plaintiff also seeks to relate the amended complaint back to the date the original pleading was filed pursuant to Rule 15(c) and Cal. Civ. Proc. Code § 474.

**DISCUSSION**

Under Rule 15(a), a plaintiff may amend his complaint once "as a matter of course," and without leave of court, before a response has been filed. Fed.R.Civ.P. 15(a)(1); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). However, a party can only amend the pleading with the opposing party's written consent or the court's leave once a responsive pleading has been

filed. Fed.R.Civ.P. 15(a)(2). Here, Defendants filed a responsive pleading to Plaintiffs' FAC so leave of the court is required. However, the United States filed a non-opposition to the motion.

Fed. R. Civ. Proc. 15(a) provides that a court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th 2003) (citations omitted). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

The Court has examined all of the factors listed above. Plaintiff's amendments appear reasonable and there is no evidence that the amendment will cause undue delay or that it will cause prejudice to Defendants. Similarly, there is nothing to suggest that the amendment is made in bad faith as it is based on newly discovered information. Accordingly, permitting the substitution of the Doe Defendant is appropriate.

Notwithstanding the above, the Court denies Plaintiff's Motion to Relate Back without prejudice. Federal Rule of Civil Procedure 15 (c) permits relation back under certain circumstances. Moreover, under California law, a plaintiff who names a Doe defendant in the complaint and alleges that the defendant's true name is unknown, has three years from the commencement of the action to discover the identity of the Doe defendant and amend the complaint. Cal. Civ. Pro. Code § 474. However, because the Motion to Relate Back is intertwined with a statute of limitations defense, the Court will not rule on this issue without

giving Defendant Julian an opportunity to be heard.[1]  As such, Plaintiff may renew this motion again after Defendant Julian is served, or alternatively, Plaintiff may raise this issue in response to any subsequent motion to dismiss if the issue is raised.

## CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED :

1)  Plaintiff's Motion Amend the Complaint is GRANTED;

2)  Plaintiff's Motion to Relate Back is DENIED WITHOUT PREJUDICE;

2)  Plaintiff shall file the FAC no later than September 20, 2013, and serve Defendant Julian within thirty days of the filing of the FAC;

3)  Defendants' Answers are due 21 days after service;

4)  A status conference will be held on December 18, 2013 at 10:00 a.m. to discuss the scheduling issues in this case.  Five days prior to the hearing, the parties shall file a joint status report indicating whether the dates in the existing scheduling order need to be modified.  If so, the parties shall include proposed dates for any requested modification.  The report shall also include any other issues the parties believe are significant given the recent amendment to the pleadings.

IT IS SO ORDERED.

Dated:   **September 5, 2013**              **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Counsel for the United States has advised the Court that she is not representing Dr. Julian.